George M. Kraw (California Bar No. 71551)
Katherine McDonough (California Bar No. 241426)
Jessica M. Alvarez (California Bar No. 311575)
Kraw Law Group, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile: 650-314-7899
gkraw@kraw.com
kmcdonough@kraw.com
jalvarez@kraw.com

Attorneys for:
Producer-Writers Guild of America Pension Plan;
Board of Directors, Producer-Writers Guild of America Pension Plan;

Writers' Guild-Industry Health Fund; and
Board of Trustees, Writers' Guild-Industry Health Fund

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN; BOARD OF DIRECTORS OF THE PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN,

And,

WRITERS' GUILD-INDUSTRY HEALTH FUND; BOARD OF TRUSTEES OF THE WRITERS GUILD-INDUSTRY HEALTH FUND,

Plaintiffs,

v.

NTCP USA DEVELOPMENT, LLC,

Defendant.

Case No.: 2:23-CV-10087-RAO

**FIRST AMENDED COMPLAINT**

1. This action has been brought in an effort to collect unpaid contributions owed to the Plaintiffs. This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. § 1001, *et seq.*, under sections 1132 and 1145. This action also arises under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Since the Defendant has not yet filed a responsive pleading, this First Amended Complaint is filed as of right under Federal Rule of Civil Procedure 15(a)(1)(B).

**JURISDICTION AND VENUE**

2. The Court has jurisdiction of this action under the terms of Section 502(a), (e) and (g) of ERISA, 29 U.S.C. §1132(a), (e) and (g), 29 U.S.C. §185 and 28 U.S.C. § 1331.

3. This Court has venue over this action pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e), in that this is the district where the Plaintiffs Producer-Writers Guild of America Pension Plan and Writers' Guild-Industry Health Fund (hereinafter separately referred to as "Pension Plan" and "Health Fund", respectively; collectively referred to as "Benefit Plans") are administered and where the breaches described herein took place.

**PARTIES**

4. The Benefit Plans are employee benefit plans within the meaning of Sections 3(1), 3(2), and 3(3) of ERISA, 29 U.S.C. §1002 (1), (2), and (3), and are maintained for the purpose of providing retirement, health and welfare, and related benefits to eligible participants. The Benefit Plans receive contributions from numerous employers pursuant to Collective Bargaining Agreements between employers and Writers Guild of America, West, and Writers Guild of America, East, and therefore, are multiemployer plans under Section 3(37) of ERISA, 29 U.S.C. §1002(37), and 29 U.S.C. § 1301(a)(3).

5. The Board of Directors of the Producer-Writers Guild of America Pension Plan and the Board of Trustees of the Writers' Guild-Industry Health Fund (hereinafter collectively referred to as "Boards of Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

6. The Benefit Plans and Boards of Trustees maintain their principal place of business at 2900 West Alameda Avenue, Suite 1100, Burbank, California.

7. The Benefit Plans bring this action on behalf of themselves and on behalf of participants and beneficiaries in the Benefit Plans to recover benefits due, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

8. Defendant NTCP Development, LLC (hereinafter referred to as "NTCP") is, upon information and belief, a limited liability company existing under the laws of the State of California. NTCP's principal place of business is in Los Angeles, California.

9. NTCP is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §1002(5), (11), and (12), and Section 2(2) of the LMRA, 29 U.S.C. §152(5).

10. NTCP is signatory or otherwise bound to the Minimum Basic Agreement ("MBA") which provides for payment of contributions to the Benefit Plans in California. As a signatory employer to MBA, NTCP is bound to the provisions of the MBA and the respective Trust Agreements for the Pension Plan and Health Fund ("Trust Agreements") that created the Benefit Plans.

**FACTUAL ALLEGATIONS**

11. NTCP entered into the MBA with the Writers Guild of America East and Writers Guild of America West. The MBA established the terms and conditions of writers hired to perform covered writing services performed by employees of NTCP.

12. Upon information and belief, NTCP employed at least one (1) employee covered by the MBA, for a project titled "Santa School," and another writer for the project entitled "Overdue Life of Amy Byler."

13. NTCP is required to make contributions to the Benefit Plans for covered writing services performed by its bargaining unit employees in the amount and manner specified in the MBA and Trust Agreements.

14. NTCP failed to timely submit its contributions for covered writing services performed under the terms of the MBA. NTCP has outstanding contributions to the Health Fund of at least $43,500.00. NTCP has outstanding pension contributions to the Pension Fund of at least $11,812.50.

15. Further, pursuant to the Trust Agreement, the Benefit Plans also assessed liquidated damages of at least $11,062.50 and interest on NTCP's delinquent contributions of at least $7600.05. Pursuant to the Trust Agreement and Benefit Plans, interest continues to accumulate.

16. The Benefit Plans first notified NTCP in a letter dated August 16, 2022, that it had failed to timely submit required contributions for covered writing services and demanded payment be made. NTCP did not respond, nor did it pay the contributions that were due.

17. Subsequent notices were sent to NTCP from both the Benefit Plans and Counsel of the Benefit Plans.

18. To date, NTCP has failed to pay contributions, liquidated damages and interest owed.

19. Under the terms of the Trust Agreements, an employer who fails to make timely contributions to the Benefit Plans for employee fringe benefits is liable to the Benefit Plans for all unpaid contributions, interest, and attorney's fees and collection costs. *See also*, 29 U.S.C. §1132(g).

20. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are further entitled to an amount equal to the greater of:

(a) double interest; or

(b) interest plus liquidated damages.

## STATEMENT OF CLAIMS

### FIRST CLAIM

### Failure to Make Contractually Required Contributions to Multi-Employer Plan Under the Employment Retirement Income Security Act

### (29 U.S.C. §§ 1132 and 1145)

21. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 20 as fully set forth herein.

22. This is an action to collect unpaid contributions found owing to a multi-employer benefit plan pursuant to the terms of the MBA and the Trust Agreements.

23. Defendants' failure to pay contributions constitute a failure of an employer to make contractually required contributions to a multi-employer plan pursuant to Section 515 of ERISA, 29 U.S.C. § 1145.

24. Plaintiffs are entitled to judgment for all unpaid contributions, liquidated damages, prejudgment interest, and reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(2).

### SECOND CLAIM

### Breach of a Collective Bargaining Agreement

### (29 U.S.C. §§ 185)

25. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 24 as fully set forth herein.

26. This is an action to enforce a Collective Bargaining Agreement and the Trust Agreements, pursuant to 29 U.S.C. § 185(a).

27. Plaintiffs are entitled to pursue this claim as a third-party beneficiary to the MBA and Trust Agreements.

28. Defendants' failure to pay contributions owing breached the MBA and Trust Agreements, to the detriment of the Plaintiffs. Plaintiffs are entitled to contributions, liquidated damages, interest, and attorneys' fees and costs pursuant to the MBA and Trust Agreements.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request this Court enter Judgment against the Defendants, Jointly and Severally, as follows:

A. For contributions, interest, and liquidated damages in amounts as proven.

B. Requiring the payment of reasonable attorneys' fees and costs of litigation pursuant to the Minimum Basic Agreement, the Trust Agreements and ERISA.

C. Other such legal and equitable relief as the Court may deem just and equitable.

Dated: October 24, 2023

KRAW LAW GROUP

By: /s/ Katherine McDonough
KATHERINE MCDONOUGH
*Counsel for Plaintiffs*