George M. Kraw (California Bar No. 71551)
gkraw@kraw.com
Katherine McDonough (California Bar No. 241426)
kmcdonough@kraw.com
Jessica M. Alvarez (California Bar No. 311575)
jalvarez@kraw.com
hkaur@kraw.com
Kraw Law Group, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile: 650-314-7899

*Attorneys for Plaintiffs*

Karen A. Rooney (SBN 096013)
rooney@kmm.com
KAUFF McGUIRE & MARGOLIS LLP
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Telephone: (424) 226-0609
Facsimile: (310) 773-9250
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
(WESTERN DIVISION)

PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN; BOARD OF DIRECTORS OF THE PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN,

and,

WRITERS' GUILD-INDUSTRY HEALTH FUND; BOARD OF TRUSTEES OF THE WRITERS GUILD-INDUSTRY HEALTH FUND,

Plaintiffs,

Case No.: 2:23-CV-10087-SPG-JC

**JOINT STIPULATION FOR AMENDED JUDGMENT (AND PROPOSED AMENDED JUDGMENT)**

v.

NTCP USA DEVELOPMENT, LLC,

Defendant.

1. Whereas, this Court granted the Plaintiffs' Motion for Default Judgment (ECF No. 26) and entered Judgment in accordance with the same (ECF No. 30).
2. Whereas Defendant NTCP USA Development, LLC ("NTCP") has retained counsel to resolve the matter at issue in this lawsuit.
3. Whereas, immediately paying a Judgment in accordance with the Court's Order on Default Judgment would be difficult for NTCP.
4. Whereas the Defendant's counsel has engaged in settlement negotiations with the Plaintiffs' counsel to reach a settlement agreement that would allow NTCP to pay a Judgment over time.
5. Whereas, the Plaintiffs are amenable to allowing NTCP to pay their delinquency for the projects at issue in this lawsuit over the period of twelve months if they receive interest and attorney's fees, actually incurred (including those attorney's fees incurred during the course of negotiating a settlement agreement and payment plan), as set forth in the settlement agreement between Plaintiffs and Defendant entered into concurrently herewith.
6. Whereas the Plaintiffs and Defendant have reached a settlement agreement consistent with the Stipulated Proposed Amended Judgment lodged concurrently herewith ("Settlement Agreement"). Attached hereto as Exhibit 1 is the Settlement Agreement. Whereas, the Settlement Agreement calls for the parties to request that the Court vacate the Original Judgment and enter an Amended Judgment consistent with the terms of the Settlement Agreement (the "Amended Judgment");

7. Wheareas, the parties respectfully request that the Court retain jurisdiction of this action for the purposes of enforcing the foregoing terms of the Amended Judgment and the Settlement Agreement until such time as all obligations thereunder have been fulfilled.
8. Therefore, the Plaintiffs and Defendant respectfully request that the Court vacate the Original Judgment (ECF 30) and enter the Stipulated Proposed Amended Judgment lodged concurrently herewith.

**IT IS SO STIPULATED AND AGREED:**

Date: April 2, 2025 **KRAW LAW GROUP, APC**

*/s/ Katherine McDonough*

Katherine McDonough
kmcdonough@kraw.com
KRAW LAW GROUP, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile: 650-314-7899
***Attorneys for Plaintiffs***

I, Katherine McDonough, attest that all signatories to this document on whose behalf this filing has been submitted, concur in the filing's content and have authorized its filing.
*/s/ Katherine McDonough*

Date: April 2, 2025 **KAUFF MCGUIRE & MARGOLISLLP**

*/s/ Karen A. Rooney*

Karen A. Rooney, Esq.
rooney@kmm.com
KAUFF McGUIRE & MARGOLIS LLP
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Telephone: (424) 226-0609
Facsimile: (310) 773-9250
***Attorneys for Defendants***

# EXHIBIT 1

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement ("Agreement"), effective as of the date of the last date of execution shown below in the signature block (the "Effective Date"), is entered into by and between PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN; BOARD OF DIRECTORS OF THE PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN (together "Pension Plan"), and WRITERS' GUILD-INDUSTRY HEALTH FUND; BOARD OF TRUSTEES OF THE WRITERS' GUILD-INDUSTRY HEALTH FUND (together, "Health Fund"; all collectively "PWGA Benefit Plans"), on the one hand and NTCP USA Development LLC (hereinafter referred to as "NTCP" or the "Company"), formed or incorporated in the state of California, in regards to unpaid fringe benefit contributions. The parties to this Agreement shall be referred to either as a "Party" or, collectively, "Parties."

## I. GENERAL RECITALS

This Agreement is made for the following purpose and with reference to the following facts:

1.1 NTCP entered into the 2020 WGA Theatrical and Television Basic Agreement ("Minimum Basic Agreement" or "MBA") with the Writers Guild of America West, Inc. on behalf of itself and its affiliate Writers Guild of America East, Inc. The MBA established the terms and conditions of writers hired as employees by NTCP to perform covered writing services.

1.2 NTCP is a member of the Alliance of Motion Picture and Television Producers ("AMPTP"). AMPTP signed a Letter of Adherence to the Minimum Basic Agreement ("Letter of Adherence") on behalf of all of its members.

1.3 As a signatory employer to the MBA, NTCP was bound to the provisions of the MBA and the respective Trust Agreements for the Pension Plan and Health Fund.

1.4 NTCP was required to make contributions to the PWGA Benefit Plans for covered writing services performed by its bargaining unit employees in the amount and manner specified in the MBA and Trust Agreements.

1.5 NTCP employed at least one (1) employee respectively covered by the MBA for the projects entitled "Santa School" and "Overdue Life of Amy Byler" for the period October 2021 through June 2022 and September 2022 through November 2022.

1.6 NTCP failed to timely submit its contributions for covered writing services performed under the terms of the MBA for the projects and time period identified in Section 1.5. NTCP has combined outstanding contributions to both the Pension Plan and Health Fund.

1.7 NTCP was formed under the laws of the state of California, U.S.A.

1.8 The following amounts are owed under the MBA and the Pension Plan and Health Fund as result of delinquency identified in Section 1.5 and 1.6:

Delinquent Amounts Owed for Santa School:

| | |
|---|---|
| **Health Contributions** | $30,000.00 |
| **Health Interest** | $ 9,181.74 |
| **Liquidated Damages** | $ 6,000.00 |

Delinquent Contributions for Overdue Life of Amy Byler:

| | |
|---|---|
| **Pension and Health Contributions** | $25,312.50 |
| **Interest** | $5,349.23 |
| **Liquidated Damages** | $ 5,062.50 |

1.9 The Pension Plan and Health Plan have incurred $17,580.67 in attorney's fees and $1,545.72 in costs for the delinquencies identified paragraph 1.6 and 1.8.

1.10 On November 30, 2023, the Pension Fund and Health Fund filed suit in Civil Action No. 2:23-cv-10087-SPG in the United States District Court for the Central District of California for the delinquencies identified in 1.6 and 1.8 of the recitals.

1.11 NTCP did not timely respond to the lawsuit identified in Section 1.10 of the recitals and on October 29, 2024 the Court granted the Health Fund and Pension Fund's motion for default judgment. On January 24, 2025, the Court entered judgment.

1.12 Thereafter NTCP and the Health Fund and Pension Fund met and conferred and determined that they would like to resolve the delinquencies identified in 1.6 ,1.8, and 1.9 in these recitals and that the Health Fund and the Pension Fund would allow those delinquencies to be paid in accordance with a payment plan and an amended judgment to reflect the same.

1.13 The Parties have been in negotiations to resolve this matter and wish to do so without further litigation. Now, therefore, for good and valuable consideration, the parties agree as follows:

## II. TERMS OF AGREEMENT

2.1 **Total Owed**. The amounts remaining unpaid as of the Effective Date, are specified in section 1.8 and 1.9 above, totaling **$100,032.36** in delinquent contributions, interest, liquidated damages, attorney's fees and costs owed to the PWGA Benefit Plans.

2.2 **Terms of Settlement Agreement Payment**. As consideration for the execution of this Agreement, and in full and final settlement of all claims arising from the delinquency identified

in section 1.8 and 1.9 of the Recitals, the Employer agrees and promises to pay in twelve (12) monthly installments according to the Schedule of Payments described in section 2.3 of this Agreement, beginning on March 16, 2025. Thereafter, each payment shall be received no later than the sixteenth (16th) day of each corresponding month, according to the Pacific Time Zone.

2.3 **Schedule of Payments.** The Schedule of Payments required under this Agreement, which includes delinquent amounts owed to the Pension Plan and Health Fund, jointly are as follows:

| **Date of Payment** | **Amount of Payment** | **Balance** |
|---|---|---|
| March16, 2025 | $8,336.03 | $91,696.33 |
| April 16, 2025 | $8,336.03 | $83,360.30 |
| May 16, 2025 | $8,336.03 | $75,024.27 |
| June 16, 2025 | $8,336.03 | $66,688.24 |
| July 16, 2025 | $8,336.03 | $58,352.21 |
| August 16, 2025 | $8,336.03 | $50,016.18 |
| September 16, 2025 | $8,336.03 | $41,680.15 |
| October 16, 2025 | $8,336.03 | $33,344.12 |
| November 16, 2025 | $8,336.03 | $25,008.09 |
| December 16, 2025 | $8,336.03 | $16,672.06 |
| January 16, 2026 | $8,336.03 | $8,336.03 |
| February 16, 2026<br><br>FINAL PAYMENT | 8,336.03 | $0 |

2.4 **Payment by Certified or Cashier's Check Required Upon a Missed Payment** Payments may be made by wire; However, should NTCP fail to submit a payment in accordance with the above schedule, upon notice by the PWGA Benefit Plans, all future payments under the terms of this Agreement must be made by cash, certified or cashier's check.

2.5 **Acceleration in the Event of Default**. If the Company fails to timely make a payment as required by section 2.3, the Company shall be considered in default of this Agreement (the "Default"). Upon written Notice of the Default, in the manner and method set forth in Section

2.9 below, the Company shall have fifteen (15) days in which to cure the Default by delivering a cashier's check payable for the missed payment(s) to the following address:

Writers Guild of America Pension Plan, Writers' Guild-Industry Health Fund
c/o Jennifer Parsignault, Employer Compliance Manager
2900 W. Alameda Avenue, Suite 1100, Burbank, CA 91505, U.S.A.

Should the Company fail to cure the Default, the full amount remaining due under this Settlement Agreement shall immediately become due and payable in full ("Acceleration").

The PWGA Benefit Plans' option to engage in Acceleration shall not be affected by the PWGA Benefit Plans' acceptance of any late installment(s), and such acceptance shall not constitute a waiver of the Acceleration or of the PWGA Benefit Plans' right to immediately institute legal proceedings for the full balance of the indebtedness.

2.6 **Completing Payments**. If the Company Defaults on this Agreement after paying the value of the principal in its entirety but before completing payments owed on the interest, the Parties agree such remaining delinquent sums shall remain due and owing under this Agreement, and shall be enforceable, as described herein, pursuant to state and federal contract law but regardless and independent of enforceability under the federal Employee Retirement Income Security Act of 1974, as amended ("ERISA").

2.7 **Address for Payments**. Except in the event of Default or after notice of a missed payment in accordance with paragraph 2.4, NTCP shall timely make all payments required under this Agreement by making payment by wire in accordance with the wiring instructions to be provided.

2.8 **Tolling of Statute of Limitations**. The Company agrees that if they should default under this Agreement and it is necessary for the PWGA Benefit Plans to institute legal proceedings, the period from the date of this Agreement up to the date that the PWGA Benefit Plans have clear and unambiguous notice of default shall not be applied toward, and shall be treated as tolling, any statute of limitations that may apply. Further, the Company agrees that if the PWGA Benefit Plans should institute legal proceedings within a reasonable time after clear and unambiguous notice of default, the Party shall not assert the defenses of laches or the statute of limitations.

2.9 **Amended Judgment.** As part of the terms and obligations of this Agreement, NTCP hereby agrees to execute, concurrently with this Agreement, a stipulated request for entry of an amended judgment ("Amended Judgment") in Civil Action No. 2:23-cv-10087-SPG against itself consistent with the terms of this Agreement.

2.10 **Notices Under This Agreement**. Notices required under this agreement shall be delivered to both Parties. Notice shall be delivered by a common commercial carrier (such as United Parcel Service) with delivery tracking. Notices required to be delivered under this Agreement shall include, but are not limited to, Notice of Default or Notice of Address Change. Notices shall be addressed to each party as follows:

(a) Notice to NTCP may be mailed to the following address:

9531 Santa Monica Blvd, Ste 375,
Beverly Hills, CA 90210

With a copy to:

Janna E. Miksis, Esq.
Kauff McGuire & Margolis LLP
950 Third Avenue 14th Floor, New York, NY 10022

Any notices mailed to NTCP shall be concurrently e-mailed to miksis@kmm.com and zuckerman@kmm.com. Any Notice so e-mailed shall be deemed delivered at the time of e-mail.

(b) Notice to the PWGA Benefit Plans shall be addressed to the PWGA Benefit Plans, with a duplicate copy sent to the PWGA Benefit Plans' legal counsel Kraw Law Group, APC at the following addresses:

Producer-Writers Guild of America Pension Plan
Writers' Guild-Industry Health Fund
c/o Jennifer Parsignault, Employer Compliance Manager
2900 W. Alameda Avenue, Suite 1100
Burbank, California 91505

Kraw Law Group, APC
c/o Katherine McDonough
605 Ellis St # 200
Mountain View, California 94043

2.11 **Attorneys' Fees.** In any action of any kind relating to the enforcement of this Agreement, the prevailing party shall be entitled to collect reasonable attorneys' fees and costs from the non-prevailing party in addition to any other recovery to which the prevailing party is entitled.

2.12 **Authority to Execute.** The person executing this document on behalf of each Party represents and warrants that he or she is competent and duly authorized to execute this Agreement.

2.13 **Binding on Successors.** The provisions of this Agreement shall be deemed to obligate, extend to, and inure to the benefit of each Party, and their respective predecessors, successors, assigns, subsequent purchasers, managing agents, partners, partnerships, officers, directors, affiliated and related entities, attorneys, insurance carriers, agents, shareholders, employees, representatives, trustees, and all related persons, firms, associations, companies, and/or corporations.

2.14 **Severance.** If any provision of this Agreement is held to be illegal or invalid by a court of competent jurisdiction, such provision shall be deemed to be severed and deleted; and neither such provision, nor its severance and deletion, shall affect the validity of the remaining provisions.

2.15 **Integration**. This Agreement is entered into by each Party without reliance upon any statement, representation, promise, inducement, or agreement not expressly contained herein. This Settlement Agreement constitutes the entire agreement between the Parties concerning aforesaid settlement and release of claims.

2.9 **Negotiated Transaction**. Each of the Parties has participated in the drafting and negotiation of this Agreement. Accordingly, for all purposes, this Settlement Agreement shall be deemed to have been drafted jointly by the Parties.

2.10 **Counterparts**. This Settlement Agreement may be executed in any number of copies, each of which shall be deemed to be a counterpart original.

2.11 **Time is of the Essence**. Time is expressly declared to be of the essence in connection with regards to the Parties' obligations as set forth above.

2.12 **Modifications**. This Agreement may not be modified or amended except by a written instrument executed by the Parties.

2.13 **Governing Law**. This Agreement shall be governed and construed in accordance with applicable federal laws and, in all aspects not pre-empted by federal law, by the laws of the State of California.

2.14 **Jurisdiction**. For purposes of enforcing this agreement, the Employer agrees to submit to the jurisdiction of California federal and state courts.

## III. RELEASE

2.15 In consideration of the payments made pursuant to section 2.3 Schedule of Payments, and once such payments are made in full, and in consideration of the other promises and covenants set forth herein, the Parties mutually generally release each other, as follows:

> The PWGA Benefit Plans (on behalf of itself and any affected employee covered by the MBA) and the Employer (collectively, the "Parties") release and forever discharge one another, and all of their respective predecessors, successors, assigns, parents, subsidiaries, divisions affiliated and related entities, officers, directors, members, employees, shareholders, agents, partners, attorneys, insurance carriers and all persons acting by or through them or on their behalf or in concert with them, from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, expenses, costs (including attorneys' fees, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise), that arise in connection with NTCP's delinquency as further described in Recitals sections 1.8 and 1.9.. Without limiting the foregoing, the PWGA Benefit Plans voluntarily withdraws and dismisses any claim, whether or not formally filed, with prejudice, in connection therewith.

**BY SIGNING THIS AGREEMENT, EACH PARTY HEREBY ACKNOWLEDGES THAT:** (a) it has read this Settlement Agreement; (b) it has either been represented in the preparation, negotiation, and execution of this Settlement Agreement by legal counsel of its own choice, or has

voluntarily chosen to forego such representation by legal counsel; and (c) it understands the terms and consequences of this Settlement Agreement and is fully aware of its legal and binding effect.

IN WITNESS WHEREOF, THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ, UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS SET FORTH IN THIS SETTLEMENT AGREEMENT, AND HAVE AUTHORITY TO EXECUTE THIS SETTLEMENT AGREEMENT.

PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN, and WRITERS' GUILD-INDUSTRY HEALTH FUND

Dated: 2/18/2025

Jim Hedges

Jim Hedges, CEO of the PWGA Administrative Office

NTCP USA Development LLC

Dated: 2/24/2025

DocuSigned by:
Jesse Shapira
335147FD58E14E6...

NTCP USA Development LLC
by Jesse Shapira, President